Louis Ferraud, Agent, &c. *v.* William C. C. Claiborne.

Though a purchaser of real estate who has given notes for the price, payable at a
future day, and bearing interest from date if not punctually paid, may be authorized
by the agreement of the parties to delay their payment until the erasure of a
mortgage existing on the property, he will be bound to pay interest during any delay
in making such erasure. *Per Curiam :* The defendant might have relieved him-
self from interest, by depositing the amount of the notes; but not having done so, and
being in the enjoyment of the property, he is liable for the interest. He cannot en-
joy, at the same time, both the price, and the thing sold.   C. C. 2531, 2535, 2537.

Appeal from the City Court of New-Orleans, *Collins,* J.

*Barthe,* for the appellant, cited 19 La. 117.

*Roselius,* for the defendant.

Morphy, J.   This suit is brought on two notes, one for $228,
and the other for $78, subscribed by one H. Droz, in payment
of real estate, and which the defendant assumed to pay to the
plaintiff, having since purchased the property from Droz.   In
the sale to the latter it had been stipulated, that these notes
should remain deposited in the hands of the notary who passed
the act, until the vendor should show that he had cancelled a
previous mortgage existing on the property; and it was further
stipulated that, in case of non-payment, they should bear in-
terest at the rate of ten per cent per annum, from their ma-
turity until paid.   The notes having been lodged for collection
by the notary in the Consolidated Bank, were both protested
for non-payment, the first on the 2d of October, 1837, and the
other on the 31st of March, 1838.   The defendant says that he
has always been ready and willing to pay the capital of the
notes sued for, but that he is not bound to pay any interest, or
costs of protest, as he was not liable to pay the notes until the
mortgage existing on the property sold to him was cancelled,
and that said mortgage was raised only a few weeks previous
to the institution of this suit, since which time he has offered
to pay the principal of the debt claimed.   There was a judg-
ment below for the notes, but with interest only from the 25th
of February, 1842, the date of the judicial demand.   From this
judgment the plaintiff has appealed, and asks that it may be so

amended as to allow him interest from the maturity of the notes. We think that the judge erred. The defendant, by assuming to pay the notes of his vendor, has become bound for them in the same manner as the latter was. Admitting that the agreement in the sale might be considered as authorizing Droz to suspend, or delay the payment of these notes until the erasure of the mortgage, it does not necessarily follow that interest was not to run *ex morâ*, as a compensation for the fruits of the thing sold. The agreement placed him in the same situation as the law would place a buyer disquieted in his possession, or having a just fear that he will be disquieted by an action of mortgage, or any other claim. He may suspend, or refuse the payment of the price, until the seller has restored him to quiet possession, unless the seller prefer to give security. In such a case, we have held that interest runs *ex morâ*, although not exigible. 19 La. p. 148. See also *Erwin* v. *Green et al*, decided in March last. The defendant might, indeed, have relieved himself from the payment of the interest by depositing the amount; but not having done so, and having been in the enjoyment of the property, he is liable for the interest claimed, in equity and law, as well as under the express stipulation in the deed of sale to Droz. It would be unjust that he should, at the same time, enjoy both the price and the thing sold. Civil Code, arts. 2531, 2535, 2537.

It is, therefore, ordered, that the judgment of the City Court be so amended as to bear interest, at the rate of ten per cent per annum, on $228 from the 2d of October, 1837, and a like interest on $78 from the 31st of March, 1838, until paid; and that it be affirmed in all other respects, with costs.